# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1838

VAN HORN, METZ & CO., INC.,
*Appellant*

v.

JP MORGAN CHASE & CO., properly denominated JP MORGAN CHASE BANK, N.A.

_____

Appeal from U.S. District Court, E.D. Pa.
Judge Kai N. Scott, No. 2:23-cv-01693

Before: MATEY, FREEMAN, and CHUNG, *Circuit Judges*
Submitted Under Third Circuit L.A.R. 34.1(a)  Mar. 20, 2026

Decided April 23, 2026

_____

NONPRECEDENTIAL OPINION[*]

MATEY, *Circuit Judge*. Van Horn, Metz & Co. brought an aiding-and-abetting fraud claim against JP Morgan Chase arising out of an embezzlement scheme allegedly perpetrated by Van Horn's longtime bookkeeper and controller, Antonino Crisafulli.[1] Aiding-and-abetting fraud requires allegations of actual knowledge of fraud by a third party and "substantial assistance or encouragement." *Marion v. Byrn Mawr Tr. Co.*, 288 A.3d 76, 87,

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

[1] The District Court had jurisdiction under 28 U.S.C. § 1332(a)(1) and we have jurisdiction under 28 U.S.C. § 1291. We review the dismissal of a complaint under Rule 12(b)(6) *de novo*, and we "take as true all the factual allegations" in the complaint "and the reasonable inferences that can be drawn from them" while "disregard[ing] legal conclusions and 'recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

89 (Pa. 2023). Allegations of mere negligence are insufficient. *Id.* at 91–92. Nor will conclusory allegations of knowledge suffice. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010). Van Horn rests on allegations that Chase's compliance protocols demonstrate actual knowledge of Crisafulli's scheme, but "[a]n argument that a bank should have recognized a fraud is insufficient to meet the actual knowledge requirement." *Marion*, 288 A.3d at 89 (quoting *In re TelexFree Sec. Litig.*, 357 F. Supp. 3d 70, 77 (D. Mass. 2019)). That Chase initiated, through automatic withdrawals, certain transfers from Van Horn's bank account to Crisafulli's Chase credit card account is also insufficient to show that Chase possessed actual knowledge of fraud. *See DBI Architects, P.C. v. Am. Express Travel-Related Servs. Co.*, 388 F.3d 886, 895 (D.C. Cir. 2004) ("[I]t is not unusual for employers to pay the credit card debts of their employees."). As Van Horn failed to plead facts plausibly alleging the bank's actual knowledge of Crisafulli's scheme, we will affirm the dismissal of the Amended Complaint.